UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE BYRON BURTON NEVIUS,   )
                             )
   Debtor/Appellant.         )        No. 4:25 CV 21 RWS
                             )
                             )

## MEMORANDUM AND ORDER

This matter is before me on Debtor/Appellant Byron Burton Nevius's appeal from bankruptcy court and motion for a stay of enforcement pending his appeal. Creditor JPMorgan Chase Bank, N.A. ("JPMC") opposes Nevius's motion. For the reasons below, Nevius's appeal and motion will be denied.

## BACKGROUND

JPMC is the noteholder regarding Nevius's real property at 21355 Hwy 179, Jamestown, MO 65046 ("the Property"). In October 2017, JPMC commenced a foreclosure action against Nevius in the Western District of Missouri. *See JPMorgan Chase Bank, N.A. v. Nevius*, No. 2:17-CV-4205 BCW (W.D. Mo.). In December 2020, JPMC obtained a final judgment permitting it to foreclose on the Property, *see id.*, ECF No. 316, but it has been unable to do so because of numerous appeals and bankruptcy cases commenced by Nevius.

Nevius commenced his first bankruptcy case in the Bankruptcy Court for the Eastern District of Missouri in April 2022. *See In re Nevius*, No. 22-41187-659

(Bankr. E.D. Mo.). After that case was dismissed, Nevius filed a second bankruptcy case as a "non-individual" using Official Form 201. *See In re Nevius*, No. 24-42878-659 (Bankr. E.D. Mo.). In his second petition, Nevius lists his principal place of business as 207 State House, Springfield, IL 62706 (the address for the Office of the Governor of Illinois); lists his mailing address as Jamestown, MO; and lists the location of his principal assets as 1500 Pennsylvania Ave. N.W. 'UCC 9-307' Washington, D.C. 20220 (the address for the U.S. Department of the Treasury). *See id.*, ECF No. 1 at 1. He also describes himself as an "Agency of Instrumentality of the United States." *See id.*, ECF No. 1 at 2.

On October 31, 2024, the Bankruptcy Court ordered Nevius to comply with Local Rule of Bankruptcy Procedure 9010, which requires non-individuals in bankruptcy to appear and act only through an attorney. *See id.*, ECF No. 35. After denying Nevius's request to reconsider that order, the bankruptcy court dismissed the case on December 9, 2024, due to Nevius's failure to timely acquire counsel. *See id.*, ECF No. 67. On December 19, 2024, Nevius filed a notice of appeal and moved to stay the case pending appeal. *See id.*, ECF Nos. 70, 72. That motion is pending before the bankruptcy court.

On January 7, 2025, Nevius filed his appeal of the bankruptcy court's dismissal in this Court. On June 11, 2025, Nevius moved to stay the bankruptcy proceedings pending his appeal. In his appeal, Nevius argues that his case should

not have been dismissed for failure to acquire an attorney. In his motion to stay, he argues that all proceedings and enforcement actions should be stayed pending resolution of his appeal.

## DISCUSSION

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(1). "Issues committed to the bankruptcy court's discretion are reviewed for an abuse of that discretion." *In re Caldwell*, No. 4:17-CV-1812 RWS, 2018 WL 4679726, at *2 (E.D. Mo. Sept. 28, 2018) (citing *In re Zahn*, 526 F.3d 1140, 1142 (8th Cir. 2008)). Dismissal is an issue within the bankruptcy court's discretion. *See id.* at *5. An abuse of discretion occurs if the bankruptcy court "fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." *Zahn*, 526 F.3d at 1142.

The bankruptcy court dismissed Nevius's case for failure to comply with Local Rule 9010. *See Nevius*, No. 24-42878-659, ECF No. 67. Local Rule 9010 provides:

> A corporation, partnership, trust or other business entity, other than a sole proprietorship, may appear and act without counsel in a case or proceeding before this Court only for the purpose of attending the § 341 Meeting, filing a request for notice and service of documents, and filing a proof of claim or ballot. For all other purposes, such entity must appear and act only through an attorney.

Bankr. E.D. Mo. L.R. 9010. On appeal, Nevius claims that he is a sole proprietor and was not required to retain legal counsel.

I find that the bankruptcy court did not abuse its discretion in dismissing Nevius's petition. Local Rule 9010 provides that certain types of non-individuals, including partnerships and corporations, but not sole proprietors, may appear and act without counsel only for narrow purposes. *See id.* However, these non-individual entities are required to appear and act through an attorney for all other purposes. Because Nevius elected to file as a non-individual, he cannot proceed as a sole proprietor and must act through an attorney. *See Pipeline Prods., Inc. v. S&A Pizza, Inc.*, No. 4:20-CV-130 RK, 2022 WL 16540098, at *1 (W.D. Mo. Oct. 28, 2022) (quoting *Bethel v. Sunlight Janitor Serv.*, 551 S.W.2d 616, 621 (Mo. banc 1977)) (explaining that "sole proprietors (or individuals) 'are not separate and distinct from the business they own'").

Moreover, even though he filed as a non-individual, Nevius himself admits his business is not a separate legal entity. *See* ECF No. 3 at 10 ("Appellant does not operate as a distinct legal entity separate from himself . . ."). It therefore appears that filing a second bankruptcy case as a non-individual was "merely an effort frustrate" the foreclosure judgment from the Western District of Missouri, which has been pending for five years. *Cf. Caldwell*, 2018 WL 4679726, at *4; *see Nevius*, 2:17-CV-4205 BCW, ECF No. 316. In addition to these stall tactics, Nevius failed to comply with the bankruptcy court's order to appear and act through an attorney. As a result, I find that the bankruptcy court did not abuse its discretion by dismissing

Nevius's petition. *See In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003) (explaining that "a court may find willful disobedience sufficient to support dismissal when a party employs stall tactics and disregards court orders").

Accordingly,

**IT IS HEREBY ORDERED** that Appellant Byron Burton Nevius's appeal from bankruptcy court [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Nevius's motion for stay pending appeal [4] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of August 2025.