UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE BRYON BURTON NEVIUS,    )
           )
    Debtor/Appellant.    )      No. 4:25 CV 21 RWS
           )
           )

## ORDER

This matter is before me on Debtor/Appellant Bryon Burton Nevius's

Motion to Vacate [14] pursuant to Federal Rule of Civil Procedure 59(e). Nevius

requests that I vacate my order denying his appeal from bankruptcy court and

denying his motion for a stay of enforcement pending appeal. For the reasons set

forth below, I will deny Nevius's motion.

## Background

Nevius commenced his first bankruptcy case in the Bankruptcy Court for the

Eastern District of Missouri in April 2022. *See In re Nevius*, No. 22-41187-659

(Bankr. E.D. Mo.). After that case was dismissed, Nevius filed a second

bankruptcy case as a "non-individual" using Official Form 201. *See In re Nevius*,

No. 24-42878-659 (Bankr. E.D. Mo.). On October 31, 2024, the bankruptcy court

ordered Nevius to comply with Local Rule of Bankruptcy Procedure 9010, which

requires non-individuals in bankruptcy to appear and act only through an attorney.

*See id.*, ECF. No. 35. After denying Nevius's request to reconsider that order, the

1

bankruptcy court dismissed the case on December 9, 2024, due to Nevius's failure to timely acquire counsel. *See id.*, ECF No. 67. On December 19, 2024, Nevius filed a notice of appeal and moved to stay the case pending appeal. *See id.*, ECF Nos. 70, 72.

On January 7, 2025, Nevius filed his appeal of the bankruptcy court's dismissal in this Court. ECF. No. 1. On June 11, 2025, Nevius moved to stay the bankruptcy proceedings pending his appeal. ECF. No. 4. On August 7, 2025, I denied Nevius's appeal from bankruptcy court after finding that the bankruptcy court had not abused its discretion when it dismissed Nevius's petition for failure to comply with Local Rule 9010. ECF. No. 12 at 4-5. I also denied Nevius's motion for stay pending appeal as moot. *Id.*

Additionally, I noted that Nevius's second bankruptcy filing appeared to be a stall tactic, preventing the noteholder, JPMorgan Chase Bank, N.A. ("JPMC"), from foreclosing on his real property. *Id*. On August 21, 2025, Nevius filed the instant motion to vacate my August 7th order.

### Legal Standard

District courts have "broad discretion" in determining whether to alter or amend a judgment pursuant to a timely Rule 59(e) motion. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 922 (8th Cir. 2006). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present

newly discovered evidence.  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Fletcher v. Tomlinson*, 895 F.3d 1010, 1025 (8th Cir. 2018) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)) (internal quotation marks omitted).

Moreover, Rule 59(e) cannot be used as a vehicle to relitigate old issues. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008); *see also Taylor v. Steele*, No. 4:12 CV 2278 RWS, 2019 WL 2995997, at *2 (E.D. Mo. July 9, 2019) (denying petitioner's Rule 59(e) motion because relitigating a prior ruling was "not a proper ground for a Rule 59(e) motion").  Rule 59(e) motions must therefore "specifically identify[] for the court a manifest error of law or fact that needs correcting."  *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024).  "A 'manifest error'…is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

## Discussion

In his motion, Nevius raises numerous grounds challenging my findings and the proceedings in the bankruptcy court.  After carefully reviewing the record and Nevius's motion, I find that Nevius has failed to demonstrate a manifest error of

law or fact or to present newly discovered evidence.  He does not raise any issues

that have not already been considered or show a "wholesale disregard,

misapplication, or failure to recognize controlling precedent." *Id.*  Instead, Nevius

seeks to relitigate issues resolved by my previous order.  A motion to vacate

pursuant to Fed. R. Civ. P. 59(e) is not the appropriate vehicle for this type of

challenge.

Accordingly,

**IT IS HEREBY ORDERED** that Debtor/Appellant Bryon Burton Nevius's

Motion to Vacate [14] pursuant to Fed. R. Civ. P. 59(e) is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2025.